ORIGINAL

AO 91 (Rev. 11/82) **CRIMINAL COMPLAINT**

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JUAN CARLOS VALADEZ-MUNOZ<br>aka "Juan Carlos Valadez,"<br>aka "Marcos Perez-Orosco" | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>17MJ02489 |

Complaint for violation of Title 8, United States Code, Sections 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation

| NAME OF MAGISTRATE JUDGE<br>**HONORABLE ALEXANDER F. MACKINNON** | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|
| DATE OF OFFENSE<br>June 15, 2017 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about June 15, 2017, defendant JUAN CARLOS VALADEZ-MUNOZ, also known as (aka) "Juan Carlos Valadez" aka "Marcos Perez-Orosco," ("defendant"), an alien, who had been officially deported and removed from the United States on or about June 1, 2004, and January 5, 2005, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States following deportation and removal.

At least one of defendant's previously alleged deportations and removals from the United States occurred subsequent to defendant's convictions for the following aggravated felonies: Possession for Sale or Purchase of a Controlled Substance, to wit: Heroin, in violation of California Health and Safety Code Section 11351, on or about June 2, 2003, in the Superior Court of the State of California, County of Kern, Case Number BF102101A, for which defendant was sentenced to two years' imprisonment; Assault with a Deadly Weapon in violation of California Penal Code Section 245(a)(1), on or about March 7, 2003, in the Superior Court of the State of California, County of Kern, Case Number BF101446A, for which defendant was sentenced to two years' imprisonment; and Illegal Entry in violation of Title 8, United States Code, Section 1325, on or about June 14, 2004, in the United States District Court, District of Arizona, Case number 04-02481-001M-P, for which defendant was sentenced to six months' imprisonment.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED: (See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>QUANTEZ GREENE |
|---|---|
| | OFFICIAL TITLE<br>Deportation Officer, ICE |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[1] | DATE<br>October 10, 2017 |
|---|---|

[1] See Federal Rules of Criminal Procedure 3 and 54

SAUSA KYLE J. RYAN     REC: DETENTION

## AFFIDAVIT

I, Quantez Greene, being duly sworn, declare and state as follows:

### I. INTRODUCTION

1. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since September 2015. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### II. PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of a criminal complaint against Juan Carlos VALADEZ-Munoz, also known as ("aka") "Juan Carlos Valadez," aka "Marcos Perez-Orosco", charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

3. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about June 15, 2017, the National Criminal Analysis and Targeting Center ("NCATC") received an electronic notification from the California Department of Motor Vehicles that VALDEZ, a previously deported criminal alien, applied for a California driver's license.

5. On September 26, 2017, Deportation Officer Zach Guluzian informed me that VALADEZ was in ICE administrative custody at the Los Angeles Field Office. Based on this notification, I undertook the present investigation of VALADEZ.

6. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

7. On September 26, 2017, I obtained and reviewed DHS A-File A090-147-247, which is maintained for the subject alien "Juan Carlos VALADEZ-Munoz." The A-File contained the following documents and information:

   a. Photographs of the subject alien to whom DHS A-File A090-147-247 corresponds. I compared the photographs in the A-File to photographs taken at the time of VALADEZ's booking into ICE custody on or about September 26, 2017. I thus determined that DHS A-File A090-147-247 and its contents correspond to VALADEZ.

b. Two executed Warrants of Removal/Deportation (Form I-205) indicating that VALADEZ was officially removed from the United States on or about May 1, 2004, and January 6, 2005. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrants of Removal/Deportation in VALADEZ' DHS A-File, dated May 1, 2004, and January 6, 2005, contain his photograph, signature, and fingerprint.

c. A certified conviction record showing that VALADEZ was convicted on or about April 18, 2003, of Possession of Controlled Substance, in violation of California Health and Safety Code Section 11350(A), in the Superior Court of the State of California, County of Kern, Case Number BF100539, for which VALADEZ was sentenced to two years imprisonment.

d. A certified conviction record showing that VALADEZ was convicted on or about June 2, 2003, of Possession/Purchase for Sale Narcotics/Controlled Substance, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Kern, Case Number BF102101A, for which VALADEZ was sentenced to two years imprisonment.

e. A copy of a certified conviction record showing that VALADEZ was convicted on or about June 14, 2004, of Illegal Entry, in violation of Title 8 United States Code section 1325,

3

in the United States District Court, District of Arizona, Case number 63727-208, for which VALADEZ was sentenced to a term of 6 months imprisonment.

    f.   Various documents, in addition to the Warrants of Removal/Deportation indicate that VALADEZ is a native and citizen of Mexico. These documents include: (i) an Order of the Immigration Judge, dated April 29, 2004, and January 5, 2005, ordering VALADEZ removed to Mexico; (ii) two sworn statements dated April 10, 1993, and June 14, 2004, in which VALADEZ admitted to being born in Mexico and being a citizen of Mexico; and (iii) A Spanish birth certificate issued from Nayarit Mexico with English translation.

    8.   On September 26, 2017, I reviewed the printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that VALADEZ had been convicted of the crimes reflected on the documents contained in VALADEZ' DHS A-File.

    9.   On September 26, 2017, I reviewed the printouts of ICE computer indices on VALADEZ. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that VALADEZ had been removed, deported, and/or excluded on the dates indicated

on the Warrants of Removal/Deportation found in VALADEZ's DHS A-File. The ICE computer indices further indicated that VALADEZ had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States legally since VALADEZ had last been deported.

10. Based on my review of VALADEZ's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in VALADEZ's DHS A-File.

///
///
///

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that Juan Carlos VALADEZ-Munoz has committed a violation of Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

Quantez Greene
Deportation Officer
United States Immigration and Customs Enforcement

Subscribed to and sworn before me this 10th day of October, 2017.

HONORABLE Alexander MacKinnon
UNITED STATES MAGISTRATE JUDGE

6